UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 07-201-HRW

CARL MORGAN,                                                                    PLAINTIFF,

v.          **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on December 27, 2004, alleging disability beginning on May 17, 2004, due to chronic degenerative discs.

This application was denied initially and on reconsideration.

On December 13, 2006, an administrative hearing was conducted by Administrative Law Judge Roger Reynolds (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Carroll A. Tarvin, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On January 11, 2007, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was 46 years old at the time of the hearing decision. He has a high school education and past relevant work experience as a painter, welder and assembler.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 24).

The ALJ then determined, at Step 2, that Plaintiff suffered from chronic neck and low back pain secondary to degenerative disc disease of the cervical lumbosacral spine and degenerative joint disease of the bilateral knees, which he found to be "severe" within the meaning of the Regulations (Tr. 24-25).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 25). In doing so, the ALJ specifically considered listings 1.00, 1.02A, 1.02B, 1.03, 1.04, 1.06 and 1.07 (Tr. 25-27).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 29) but determined that he has the residual functional capacity ("RFC") to perform a limited range of light and sedentary work, with certain restrictions as set forth in the decision (Tr. 27).

3

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 29).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on April 17, 2007 (Tr. 7-11).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 5 and 6] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health*

4

*and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not afford appropriate weight to the opinions of his treating physicians, Dr. John Gilbert and Dr. Karen Saylor; (2) that the ALJ ignored her testimony; and (3) the ALJ failed to consider the combined affects of her impairments.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not afford appropriate weight to the opinions of his treating physicians, Dr. John Gilbert and Dr. Karen Saylor.

5

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

Dr. Gilbert completed a physical capacities evaluation form in May 2005 in which he opined that Plaintiff's ability to perform work-related activities was significantly limited. The ALJ discounted this opinion. Having reviewed the record, the Court finds no error in the ALJ's consideration of Dr. Gilbert's opinion of extreme functional impairment. The record simply does not support Dr. Gilbert's assessment. For example, the MRIs of record revealed only "mild" conditions (Tr. 335, 296, 359). Similarly, a September 2004 myelogram showed small disc bulges with no stenosis, compression or neuroforanimal narrowing (Tr. 329-330). These findings belie a claim of significant functional impairment. In addition, Dr. Gilbert's opinion is not consistent with the other evaluations in the record. Another treating source, Dr. Karen Saylor found that Plaintiff's

6

impairments permitted the performance of light-level work with certain restrictions(Tr. 378).

With regard to Dr. Saylor, Plaintiff emphasizes that she opined that Plaintiff was unable to perform any work. The ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). Moreover, as noted above, Dr. Saylor opined that Plaintiff could perform light work (Tr. 378). This is in direct contradiction to her statement of total disability.

Plaintiff's second claim of error is that that the ALJ ignored her testimony. In other words, Plaintiff argues that the ALJ did not properly assess her credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).

In this case, the ALJ found Plaintiff's credibility to be only "fair" with

7

regard to her allegations of disabling pain. (Tr. 28). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). The ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, the "intensity, persistence and limiting effects" claimed by Plaintiff did not comport with the objective medical evidence.

The burden is upon Plaintiff to offer evidence in support of his alleged symptoms. In this case, the record does not contain evidence of incapacitating impairment. For example, there is no indication that Plaintiff has used or needs to use any assistive devices in order to ambulate effectively. Nor does the record contain evidence which would support a finding of loss of function of the extremities.

Further, Plaintiff's testimony is not consistent with the record. For example, although he testified under oath that he could not sit, stand or walk for more than 20 minutes, the ALJ observed that Plaintiff remained seated throughout the hearing, which lasted over an hour (Tr. 27). The ALJ also observed that Plaintiff was tanned and muscular, with calloused hands (Tr. 29)
.

8

The Court, having reviewed the medical evidence, finds that the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence.

Finally, Plaintiff contends that the ALJ failed to consider the combined affects of her impairments.

A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation. The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe, at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 25). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

9

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This ___3___ day of January, 2008.

_____
HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE